# Valli Kane & Vagnini

## Employee Rights Attorneys

600 Old Country Road
Suite 519
Garden City, NY 11530

Tel: (516) 203-7180
Fax: (516) 706-0248
www.vkvlawyers.com

March 24, 2020

**VIA ECF**
The Honorable Analisa Torres
United States Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   *Marcusse, et al. v. Citizens Arts Club, Inc., et al.*
             Case No.: 1:19-CV-08379 (AT)(KNF)

Dear Judge Torres:

As Your Honor is aware, this office represents Plaintiffs Dillon Marcusse ("Marcusse"), Edward Miskie ("Miskie"), Philip Portolano ("Portolano"), and Adam Sperandio ("Sperandio" (collectively, "Named Plaintiffs") and Opt-In Plaintiff Christina Mavronas ("Marvonas") (collectively with Named Plaintiffs, "Plaintiffs") in the above-captioned matter against Defendants Citizens Arts Club, Inc. d/b/a Norwood, Alan Linn, and Camille Parson (collectively, "Defendants"). Plaintiffs and Defendants (collectively, the "Parties") have reached a settlement each deems to be fair and reasonable, as set forth more fully below. Because the Complaint asserts claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), we write with Defendants' consent to request that Your Honor approve the proposed settlement agreement, which is attached hereto as Exhibit 1 ("Ex. 1").

## INTRODUCTION

Defendants are in engaged in the hospitality industry and own and operate an artistic club located in New York, New York. Defendants employed Plaintiffs as Servers, Bartenders, and Front Desk Employees. On September 10, 2019, Plaintiffs filed a collective and class action complaint in the Court alleging, among other things, violations of the FLSA and the New York Labor Law ("NYLL"). *See* Dkt. No. 1. Specifically, Plaintiffs allege that they were improperly paid the overtime premium and not paid the federal minimum wage during their thirty-two (32) hour training period in violation of the FLSA. *See* Dkt. No. 1. The Complaint also alleges that Defendants did not provide Plaintiffs with the requisite spread-of-hours pay, annual notices, and wage statements in violation of the NYLL and unlawfully terminated Plaintiffs Marcusse and Portolano in violation of various anti-discrimination and retaliations statutes. *See* Dkt. No. 1.

On October 21, 2019, Defendants answered the Complaint. *See* Dkt. No. 23. On January 21, 2020, the Parties participated in mediation with Mediator Amanda M. Fugazy pursuant to the Court's October 28, 2019 Mediation Referral Order. *See* Dkt. No. 25. On January 16, 2020,

however, Plaintiffs were informed that Defendants were unable to engage in collective/class wide settlement discussions due to their financial status and that they would not be able to satisfy a judgment against them. In support of their claim, Defendants provided numerous financial documents to Plaintiffs' counsel and have signed affidavits attesting to their inability to pay a collective/class settlement or judgment.[1] Thus, when factoring in Defendants' struggling business and attorneys' fees, Plaintiffs faced a significant risk of not recovering anything or significantly less than the current settlement amount in the event that this matter proceeded to trial. By consequence, during mediation, the Parties agreed to negotiate and settle this matter on an individual basis.

## ARGUMENT

### I.  Legal Standard.

This Circuit mandates that the settlement of FLSA claims must be "fair and reasonable". *Velasquez v. SAFI-G, Inc.*, No. 15-CV-3068 (WHP), 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015); *see Cheeks v. Freeport Pancake House Inc.*, 796 F.3d 199 (2nd Cir. 2015). Courts consider the following factors when determining whether a settlement is "fair and reasonable":

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Lopez v. Nights of Cabiria, LLC.*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

### II.  The Proposed Settlement Agreement Is Fair and Reasonable.

The proposed settlement agreement is both fair and reasonable under the FLSA.[2] First, Defendants have agreed to compensate Plaintiffs and their attorneys a total sum of $62,506.56. *See* Ex. 1. Particularly, Plaintiffs are allocated the following amounts of the total settlement:

- Plaintiff Marcusse: $8,922.99
- Plaintiff Miskie: $4,874.89
- Plaintiff Portolano: $4, 519.25
- Plaintiff Sperandio: $6,869.94
- Opt-In Plaintiff Marvonas: $10,237.10

---

[1] These affidavits contain personal and sensitive financial information. Should the Court require these affidavits, Defendants respectfully request to file them under seal, which Plaintiffs do not oppose.

[2] The Parties have agreed to dismiss Plaintiff Marcusse's and Plaintiff Portolano's unlawful termination claims via a separate settlement agreement.

*See* Ex. 1.  Based on the allegations and Defendants' payroll records, the following is the estimated maximum amount Plaintiffs could have received under the FLSA and NYLL, inclusive of owed wages, liquidated damages, and NYLL wage notices/statements penalties[3]:

- Plaintiff Marcusse: $21,254.60
- Plaintiff Miskie: $12,487.62
- Plaintiff Portolano: $11,062.60
- Plaintiff Sperandio: $17,105.60
- Opt-In Plaintiff Marvonas: $24,899.60

Moreover, Plaintiffs' damages pursuant to the FLSA for Defendants' minimum wage and overtime damages are minimal. Based off the allegations and Defendants' payroll records, Plaintiffs were only deprived of the federal minimum wage during their thirty-two (32) training period and worked a limited number of overtime hours. Thus, their damages and liquidated damages for Defendants' violations of the FLSA are:

- Plaintiff Marcusse: $958.90
- Plaintiff Miskie: $464.00
- Plaintiff Portolano: $464.00
- Plaintiff Sperandio: $464.00
- Opt-In Plaintiff Marvonas: $614.82

Accordingly, the settlement amount allocated to Plaintiffs is 100% of what they could have recovered in unpaid wages and 100% in liquidated damages under the FLSA at trial. The allocated settlement amount is also 100% of what Plaintiffs could have recovered in unpaid wages under the NYLL at trial. When factoring in full liquidated damages and $10,000.00 per Plaintiff in wage notices and statements penalties, the allocated settlement amount is approximately 40% of their estimated total possible recovery under both the FLSA and NYLL. *See Lopez*, 96 F. Supp. 3d (approving a settlement where the plaintiffs recovered approximately 33.33% of their total possible recovery).

Second, Defendants deny Plaintiffs' allegations that they failed to properly pay Plaintiffs the requisite wages pursuant to the FLSA and NYLL and to provide the proper wage notices/statements pursuant to the WTPA. They also dispute the amount Plaintiffs would be entitled to should they be found to have violated the FLSA and the NYLL. Thus, without settlement, the Parties would have had to produce/review hundreds, if not thousands, of more documents, engage in complex motion practice, and conduct numerous depositions to both prosecute and defend the individual and collective/class claims. The settlement alleviates the need for the Parties to expend significant time and expense in doing so.

Third, had this matter not settled, as stated above, the Parties would have had to engage in a lengthy and costly discovery process. Ultimately, this matter would have likely proceeded to trial where Plaintiffs would risk forfeiting any recovery. Moreover, should Plaintiffs succeed at trial

---

[3] Under the NYLL, a plaintiff is limited to a maximum amount of $10,000.00 in penalties for wage notices and statements violations. *See* NYLL § 198.

3

they would face a significant risk of recovering anything or less than their current settlement amounts due to Defendants' financial status, which would be compounded with further attorneys' fees and expenses.

Fourth, the Parties' counsel are experienced litigators who primarily practice employment law. *See e.g.*, Valli Kane & Vagnini LLP's Firm Resume, attached hereto as Exhibit 2. They were able to reach a settlement on behalf of the Parties through an approximately eight (8) hour mediation with Mediator Amanda M. Fugazy, an attorney experienced in restaurant and hospitality wage-and-hour litigation. Further, Defendants have provided Plaintiffs' counsel with numerous financial documents and the affidavits, which evidence their financial status. Therefore, the settlement agreement is the result of arm's length negotiation without the possibility of fraud or collusion. Accordingly, the proposed settlement agreement is both fair and reasonable.

### III.   The Attorneys' Fees Pursuant to the Settlement Are Reasonable.

Under the terms of the proposed settlement agreement and the retainer agreements between Plaintiffs and their counsel, Plaintiffs' counsel will receive $25,002.39 from the settlement fund as attorneys' fees or 40%, plus expenses of $2,080.00, which represents some of the costs actually incurred by counsel in litigating this action (including research costs, printing fees for produced payroll documents,[4] filing fees, and service of process fees), for a total of $27,082.39. *See* Ex 1; Plaintiffs' Counsel's Expense Report, attached hereto as Exhibit 3. Plaintiffs do not dispute the 40% fee.

Indeed, this District has historically limited attorneys' fees in the amount of 33.33% of the settlement fund. Recently, however, in *Fisher v. SD Prot. Inc.*, the Second Circuit held that "[t]here is no explicit limit on attorneys' fees in FLSA actions and district courts should not, in effect and practice, implement such a limit." No. 18-CV-2504, 2020 WL 550470, at *7 (2d Cir. Feb. 4, 2020). The Second Circuit additionally noted that the 33.33% limit is particularly problematic when the plaintiffs are low income earners such as Plaintiffs who were employed by Defendants as Servers, Bartenders, and Front Desk Employees. *See id.* This settlement is also on an individual basis and not a collective/class-wide basis, which results in the 40% fee being significantly lower.

Plaintiffs' counsel's billing records further support the 40% fee is reasonable:

| Name | Title | Hourly Rate | Hours Worked | Total Fee |
|---|---|---|---|---|
| Robert J. Valli, Jr. | Partner | $400.00 | 13.26 | $5,304.00 |
| Sara Wyn Kane | Partner | $400.00 | 2.56 | $1,024.00 |
| James A. Vagnini | Partner | $400.00 | 10.03 | $4,012.00 |
| Robert R. Barravecchio | Partner | $400.00 | .17 | $68.00 |
| Alexander M. White | Associate | $250.00 | 210.91 | $52,727.50 |
| Christopher Maier | Paralegal | $125.00 | 21.19 | $2,648.75 |
| Kelly Diaz | Assistant | $100.00 | 4 | $400.00 |
|  |  |  |  |  |

---

[4] Defendants produced over 19,500 pages of payroll documents, most of which were not electronically stored. To calculate Plaintiffs' and the putative collective's/class's damages, Plaintiffs' counsel was required to print a significant amount of pages to organize the production.

|  |  |  |  |  |
|---|---|---|---|---|
| **Total** |  |  | 262.12 | $66,184.25 |

*See* Plaintiffs' Counsel's Billing Report, attached hereto as Exhibit 4; *See Lazo v. Kim's Nails at York Ave., Inc.,* No. 17-CV-3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (finding that the reasonable hourly rate for a partner is $400.00 and $275.00 for an associate); *see also Vargas Garcia v. Park*, No. 18-CV-10650 (KNF), 2019 WL 6117596, at *5 (S.D.N.Y. Nov. 18, 2019) ("Courts, in recent FLSA cases in this judicial district, have approved, as reasonable, hourly rates in the range of $100-$150 for paralegal services."); *Cegueda-Juarez v. Cleanwear USA 2, Inc.*, No. 18-CV-1604 (PAC), 2019 WL 5485253, at *3 (S.D.N.Y. Oct. 25, 2019) ("Courts . . . have used $250 per hour as the reasonable rate to apply to [third year associates]") (citation omitted); *Pastor v. Alice Cleaners, Inc.*, 16-CV-7264 (JLC), 2017 WL 5625556 at *7 (S.D.N.Y. Nov. 21, 2017) ("Courts in this District have determined in recent cases that a fee in the range of $250 to $450 is appropriate for experienced litigators in wage-and-hour cases.") (citation omitted); *Dixon v. Agbai*, No. 15-CV-850 (AT)(AJP), 2016 WL 3702749, at *15 (S.D.N.Y. July 8, 2016), *report and recommendation adopted*, 2016 WL 5660246 (S.D.N.Y. Sept. 28, 2016) ("[R]ates awarded to experienced civil rights attorneys over the past ten years have ranged from $250 to $600.").

Based on Plaintiffs' counsel's billing records, the 40% fee is less than their lodestar, which this Court has held to be reasonable. *See Flores v. Anjost Corp.*, No. 11-CV-1531 (AT), 2014 WL 321831, at *9 (S.D.N.Y. Jan. 29, 2014) ("Applying the lodestar method as a 'cross check,' the Court finds that the fee that Class Counsel seeks is reasonable and does not represent an exorbitant multiplier-indeed, there is no multiplier.") (citations omitted); *see also Sewell v. Bovis Lend Lease, Inc.*, No. 09-CV-6548 (RLE), 2012 WL 1320124, at *13 (S.D.N.Y. Apr. 16, 2012) ("Courts commonly award lodestar multipliers between two and six") (citation omitted). Indeed, this action consists of both wage-and-hour violations and unlawful termination claims. However, although Plaintiffs' counsel spent significantly more time on the wage-and-hour claims, the lodestar is still less than the 40% fee when Plaintiffs' counsel's time is split in half between the claims (50% for the wage and hour claims and 50% for the unlawful termination claims). It is also important to note that Plaintiffs' counsel spent a significant amount of time reviewing class/collective data as they were not informed of Defendants' financial situation until five (5) days before mediation. Thus, limiting Plaintiffs' counsel's fee to 33.33% would result in Plaintiffs' counsel being compensated for only a third (1/3) of their time spent litigating this matter. Accordingly, Plaintiffs' counsel fee of 40% of the total settlement is fair and reasonable and they should not be limited to 33.33%.

## **CONCLUSION**

In full consideration of all the issues, we believe that the proposed agreement is fair and reasonable, and that the settlement should be approved. A copy of the Proposed Settlement Agreement is submitted herewith. *See* Ex. 1.

Thus, the Parties jointly, respectfully request that Your Honor determine the settlement to be fair and reasonable in light of all of the risks inherent in litigation and based on the facts in this case in particular.

Upon the Court's determination that the proposed agreement is fair and reasonable, the Parties will file a Stipulation of Dismissal with Prejudice, to be "so-ordered" by Your Honor, and any other necessary documents to terminate this matter.

Respectfully Submitted,

*/s/ Alexander M. White*
Alexander M. White, Esq.

cc:     counsel of record (*via* ECF)