```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/9/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DILLON MARCUSSE; EDWARD MISKIE; PHILIP PORTOLANO; and ADAM SPERANDIO, individually and on behalf of all others similarly situated,

                        Plaintiffs,

-against-

CITIZENS ARTS CLUB, INC. d/b/a/ NORWOOD; ALAN LINN, individually and as an Officer, Director, and/or Principal of NORWOOD; and CAMILLE PARSON, individually and as an Officer, Director, and/or Principal of NORWOOD,

                        Defendants.

19 Civ. 8379 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiffs, Dillon Marcusse, Edward Miskie, Philip Portolano, Adam Sperandio, and Christina Mavronas, bring this action against Defendants, Citizens Arts Club, Inc. d/b/a Norwood, Alan Linn, and Camille Parson, for, *inter alia*, unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the New York Labor Law ("NYLL"), § 190 *et seq.* ECF No. 1. Having reached a settlement (the "Settlement"), the parties seek the Court's approval of their proposed agreement. *See* Letter, ECF No. 38. For the reasons stated below, the motion to approve the Settlement is DENIED.

    "The Court's obligation to police FLSA settlements to ensure that they are fair and reasonable is a searching one. It implicates both the rights of the settling employee and the interests of the public at large." *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (internal quotation marks and citation omitted). Having carefully reviewed the parties' submissions, the Court identifies a problem with the Settlement.

    Specifically, the Settlement contains a mutual "non-defamation" provision, but it fails to permit Plaintiffs to speak truthfully about their experience litigating this case. Settlement Agreement ¶ 6, ECF No. 38-1.[1] Non-disparagement clauses "must include a carve-out for

---

[1] Paragraph 6 states: "Non-Defamation. Employees agree not to make defaming, slanderous, or libel remarks about Norwood, Parson, or Linn. Similarly, Parson and Linn agree not to make defaming, slanderous, or libel remarks about Employees. A determination by a Court of competent jurisdiction that there has been a violation of this non-defamation obligation by the Parties shall entitle the non-violating Party to injunctive relief and damages, including amounts already paid pursuant to this Agreement, and legal fees incurred in enforcing this provision. Employees acknowledge that the amounts contained in Paragraph 1 of this Agreement are sufficient consideration for the promises under this paragraph."

truthful statements about plaintiffs' experience litigating their case.  Otherwise, such a provision contravenes the remedial purposes of the statute and, in this context, is not 'fair and reasonable.'" *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 180 n.65 (S.D.N.Y. 2015); *see also Weng v. T&W Rest., Inc.*, No. 15 Civ. 8167, 2016 WL 3566849, at *4 (S.D.N.Y. June 22, 2016) ("[P]rohibiting plaintiffs from speaking about the facts underlying the case would not resolve any bona fide dispute between the parties.  Instead, it would silence the employees who have vindicated a disputed FLSA right, and thereby thwart Congress's intent to ensure widespread compliance with the FLSA."  (internal quotation marks, alterations, and citations omitted)).

Accordingly, the Court cannot approve the Settlement as submitted.  By **July 10, 2020**, the parties shall submit a revised settlement agreement that comports with this order.

SO ORDERED.

Dated: June 9, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge