USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _6/10/2020_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DILLON MARCUSSE; EDWARD MISKIE; PHILIP PORTOLANO; and ADAM SPERANDIO, individually and on behalf of all others similarly situated,

                    Plaintiffs,

-against-

CITIZENS ARTS CLUB, INC. d/b/a/ NORWOOD; ALAN LINN, individually and as an Officer, Director, and/or Principal of NORWOOD; and CAMILLE PARSON, individually and as an Officer, Director, and/or Principal of NORWOOD,

                    Defendants.

19 Civ. 8379 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiffs, Dillon Marcusse, Edward Miskie, Philip Portolano, Adam Sperandio, and Christina Mavronas, bring this action against Defendants, Citizens Arts Club, Inc. d/b/a Norwood, Alan Linn, and Camille Parson, for, *inter alia*, unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the New York Labor Law ("NYLL"), § 190 *et seq.* ECF No. 1. Having reached a settlement (the "Settlement"), the parties seek the Court's approval of their proposed agreement. *See* Letter, ECF No. 38; *see also* ECF No. 41 (renewing request after modification of the settlement agreement pursuant to the Court's order dated June 9, 2020, ECF No. 40). For the reasons stated below, the motion to approve the Settlement is GRANTED.

**DISCUSSION**

I.    Legal Standard

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

In accord with the FLSA's mandatory provisions, an employer cannot settle claims of

unfair wages without approval of the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017). To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (S.D.N.Y. May 17, 2010)); *see also* Letter at 4 (clarifying that the Settlement is on behalf of Plaintiffs individually, and not on a collective or class-wide basis). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* (citation omitted).

II.   Analysis

The Settlement provides Plaintiffs with a recovery of $62,506.56 to be allocated as follows: $8,922.99 to be paid to Marcusse; $4,874.89 to be paid to Miskie; $4,519.25 to be paid to Portolano; $6,869.94 to be paid to Sperandio; $10,237.10 to be paid to Mavronas; and $25,002.39 to be paid to Plaintiffs' counsel in attorney's fees, plus expenses in the amount of $2,080. Settlement Agreement § 1(a), ECF No. 41-1; *see also* Letter at 2, 4. Plaintiffs' counsel evaluated Plaintiffs' potential damages based on a review of Defendants' payroll records, discussions with Plaintiffs concerning the nature of their work, the hours worked, and the pay received, and calculated Plaintiffs' possible recovery to be $21,254.60 for Marcusse, $12,487.62 for Miskie, $11,062.60 for Portolano, $17,105.60 for Sperandio, and $24,899.60 for Mavronas. Letter at 3. Defendants, however, deny Plaintiffs' allegations that they failed to properly pay Plaintiffs the requisite wages pursuant to the FLSA and NYLL and to provide the proper wage notices/statements. *Id.* Defendants also dispute the amount Plaintiffs would be entitled to should

Defendants be found to have violated the FLSA and the NYLL.  *Id.*  The parties indicate that, absent settlement, they would have had to produce and review "hundreds, if not thousands, of more documents, engage in complex motion practice, and conduct numerous depositions to both prosecute and defend the individual and collective/class claims."  *Id.*  Additionally, the parties state that they engaged in arm's-length bargaining, and there is no evidence of fraud or collusion.  *Id.* at 4.  The Court concludes, therefore, that the Settlement satisfies each of the *Wolinsky* factors.

In addition, the release provisions in the Settlement are not overly broad, as they release Defendant from claims "only with respect to wage-and-hour related claims," Settlement Agreement § 2; *see also id.* § 1(a)(i)–(v), and notes that "[n]othing shall be deemed a waiver of any other types of claims," *id.* § 2.  Moreover, the Settlement does not contain a confidentiality provision.  And although the Settlement includes a non-defamation provision, a carve-out for truthful statements by Plaintiffs regarding their experience litigating the case and the facts underlying the litigation is included.  *Id.* § 6; *see Weng v. T&W Rest., Inc.*, No. 15 Civ. 8167, 2016 WL 3566849, at *4 (S.D.N.Y. June 22, 2016) (requiring that non-disparagement provisions contain a carve-out allowing for truthful communications).  The Court is, therefore, satisfied that the Settlement is fair and reasonable.

Turning to attorney's fees, Plaintiffs' counsel seeks a fee of 40% of the settlement proceeds, in the amount of $25,002.39, plus expenses in the amount of $2,080, totaling $27,082.39.  Letter at 4.  The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiff] and [his] counsel."  *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc*., 396 F.3d 96, 121 (2d Cir. 2005).  Contingency fees of one-third in FLSA cases are routinely approved in this Circuit.  *Gonzales v. 27 W.H. Bake, LLC*, No. 15 Civ. 4161, 2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018) (collecting cases).  As a check on the reasonableness of attorney's fees, however, courts still calculate the total cost of attorney's hours billed, previously known as the lodestar method.  *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302, 2010 WL 363113, at *23 (S.D.N.Y. Feb. 1, 2010).

Plaintiffs' counsel's billing records indicate that attorneys Robert J. Valli, Jr., Sara Wyn Kane, James. A. Vagnini, and Robert R. Barravecchio, all partners, each bill at a rate of $400 an hour; attorney Alexander M. White, an associate, bills at a rate of $250 an hour; paralegal Christopher Maier bills at a rate of $125 an hour; and assistant Kelly Diaz bills at a rate of $100 an hour.  Letter at 4.  In all, Plaintiffs' counsel billed 262.12 hours on this matter.  *See id.*  At the foregoing rates, Plaintiffs' counsel calculates the total billable hours to amount to $66,184.25 in attorney's fees.  *Id.* at 5; *see also* ECF No. 38-4.  Given that the billing rates match those typically approved in this district, *see, e.g.*, *Perez Garcia v. Hirakegoma Inc.*, No. 17 Civ. 7608, 2020 WL 1130765, at *12 (S.D.N.Y. Mar. 9, 2020) ("In this district, courts generally award experienced wage-and-hour attorneys between $300 to $400 per hour." (collecting cases)), the Court accepts the stated rates for the purposes of calculating the lodestar amount.

Plaintiffs' counsel's requested fee award of $25,002.39 is significantly lower than the $66,184.25 lodestar amount and represents 40% of the Settlement.  Letter at 4, 5.  Courts in this

circuit typically find such awards to be fair and reasonable.  *See, e.g.*, *Reinoso v. Cipriani*, No. 17 Civ. 8509, 2019 WL 2324566, at *3 (S.D.N.Y. May 30, 2019) ("Given that the proposed attorney['s] fees represent approximately one-third of the total settlement amount, and are significantly less  than the proffered lodestar amount—which militates in favor of finding the requested amount reasonable—I find the fees contemplated in the [s]ettlement [a]greement to be fair and reasonable."); *Chun Lan Guan v. Long Island Bus. Institute, Inc.*, No. 15 Civ. 2215, 2020 WL 1289517, at *4 (E.D.N.Y. Mar. 18, 2020) ("Plaintiffs' counsel is receiving less in attorney['s] fees than they have billed on this matter, and their fees are consistent with the terms of [p]laintiffs' retainer agreements.  The [c]ourt finds this to be a fair and reasonable attorney['s] fee in this action.").  Accordingly, the Court will not disturb the fee award agreed upon in the Settlement.

Last, the Court finds that the costs expended, consisting of $2,080 in filing fees, service of process fees, copying costs, and other expenses, *see* ECF No. 38-3, to be reasonable.  *See U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 416–17 (2d Cir. 1989).

## CONCLUSION

The parties' motion for settlement approval is GRANTED.  The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: June 10, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge